UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
DANIEL DIAZ and NELSON ESTRADA, on behalf
of themselves and all others similarly situated,

                              Plaintiffs,

          -against-

NEW LINE STRUCTURES INC., P.R.C.
CONTRACTING INC., and DARRYL S. PRICE,

                              Defendants.
------------------------------------------------------------------------ X

**21 Civ. 6898**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Daniel Diaz and Nelson Estrada (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants New Line Structures Inc. ("New Line Structures"), P.R.C. Contracting Inc. ("P.R.C. Contracting"), and Darryl S. Price (collectively, "Defendants") allege:

### NATURE OF THE ACTION

1. Over the last six years, Defendants have required their construction workers, including Plaintiffs Diaz and Estrada, to work between forty and eighty hours per workweek while paying them at the same hourly wage rate (*i.e.*, "straight time") for all hours worked, including those over forty. Moreover, at times during Plaintiffs' employment, Defendants paid Plaintiffs below the statutory minimum wage rate. Defendants also failed to pay Plaintiffs spread-of-hours pay for shifts that spanned over ten hours and failed to furnish them with wage notices at the time of hiring and with compliant wage statements at the end of every pay period.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated construction workers (the "Construction Workers") to recover unpaid minimum and

overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because many of the events giving rise to Plaintiffs' claims arose at Defendants' worksites located in this district.

## PARTIES

**Plaintiff Daniel Diaz**

5. Daniel Diaz resides in Bronx County, New York.

6. Diaz has worked as a construction worker for Defendants since February 2017.

**Plaintiff Nelson Estrada**

7. Nelson Estrada resides in Queens County, New York.

8. Estrada worked as a construction worker for Defendants from March 2018 to March 2020.

**Defendant New Line Structures Inc.**

9. Defendant New Line Structures Inc. is a New York corporation that owns and operates New Line Structures, one of the largest construction management companies in New York City.

10. New Line Structures specializes in pre-construction, construction management, and demolition.

11. New Line Structures' headquarters is located at 512 Seventh Ave, 6th Floor, New York, New York 10018.

12. Throughout the last six years, New Line Structures has worked in various construction worksites in Manhattan. For example, Plaintiffs worked in several of New Line Structures' construction projects, including at 2230 Broadway Avenue and 108 Leonard Street, in Manhattan.

13. New Line Structures is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. New Line Structures has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. In the three years preceding the date this Complaint was filed, New Line Structures had an annual gross volume of sales in excess of $500,000.

16. New Line Structures' unlawful wage payment practices have previously been the subject of media attention. *See, e.g.*, Silver Krieger, *Bill Comes Due For New Line Structures As Construction Workers Demand Payment of $70K in Unpaid Wages*, LaborPress, (Nov. 20, 2019), https://www.laborpress.org/bill-comes-due-for-new-line-structures-as-construction-workers-demand-payment-of-70k-in-unpaid-wages/.

**Defendant P.R.C. Contracting Inc.**

17. Defendant P.R.C. Contracting Inc. is a New York corporation that owns and operates P.R.C. Contracting, a labor broker who recruits and hires laborers and then outsources them to general contractors.

18. P.R.C. Contracting's principal place of business is 10610 Union Hall Street, Jamaica, New York 11433 and 400 Chauncey Street, Brooklyn, New York 11233.

19. P.R.C. Contracting is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. P.R.C. Contracting has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21. In the three years preceding the date this Complaint was filed, P.R.C. Contracting had an annual gross volume of sales in excess of $500,000.

**Defendant Darryl S. Price**

22. Defendant Darryl S. Price owns and manages P.R.C. Contracting.

23. Price is the President of P.R.C. Contracting.

24. Throughout Plaintiffs' employment, Price has had and has exercised power over personnel decisions at P.R.C. Contracting, such as the hiring and firing of employees, including the hiring of Plaintiffs.

25. Throughout Plaintiffs' employment, Price has had the authority to set employees' wages and otherwise control the terms and conditions of their employment, including that of Plaintiffs.

26. Throughout Plaintiffs' employment, Price has had and exercised power over payroll decisions at P.R.C. Contracting, including the retention of time and/or wage records.

27. Price has the power to enter into contracts on behalf of P.R.C. Contracting. For example, P.R.C. Contracting regularly enters into contracts with New Line Structures to provide construction workers, such as Plaintiffs, for work on various projects in the New York City area.

28. Price is an employer within the meaning of the FLSA and the NYLL and has employed Plaintiffs.

**P.R.C. Contracting is a Successor-in-Interest Employer**

29. Upon information and belief, until April 2019, We Prevail Management, LLC operated as a labor broker, with its principal place of business at 400 Chauncey Street, Brooklyn, New York 11233.

30. Upon information and belief, P.R.C. Contracting Inc. acquired ownership of We Prevail Management, LLC in mid-April of 2019.

31. P.R.C. Contracting Inc. continued operating in the same manner as We Prevail Management, and at the same location, 400 Chauncey Street, Brooklyn, New York 11233.

32. P.R.C. Contracting Inc. continued to engage in substantially the same construction work and in substantially the same working conditions with most of the same workforce as We Prevail Management, LLC.

33. P.R.C. Contracting Inc. continued to provide the same services to New Line Structures that We Prevail Management, LLC had provided.

34. P.R.C. Contracting Inc. continued to employ the same employees, including many of the same managerial employees, as We Prevail Management, LLC.

35. For example, Orlando Garcia, a manager at We Prevail Management, LLC, now works as a manager at P.R.C. Contracting.

36. Plaintiffs began working for We Prevail Management, LLC and continued working without any break in employment, performing virtually the same work duties, when there was a change in ownership to P.R.C. Contracting.

37. P.R.C. Contracting Inc. is the successor-in-interest of We Prevail Management, LLC. As such, P.R.C. Contracting Inc. is responsible for wage violations that We Prevail Management, LLC committed.

**Defendants as Joint Employers**

38. P.R.C. Contracting acts as a labor broker that provides Construction Workers to New Line Structures and pays the Construction Workers' wages. Foremen at New Line Structures perform all other supervisory functions with respect to Construction Workers, including scheduling, providing work instructions, and issuing assignments.

39. P.R.C. Contracting and We Prevail Management paid Construction Workers, including Plaintiffs, throughout their entire employment.

40. Construction Workers, including Plaintiffs, worked only at New Line Structures Projects, both under We Prevail Management, LLC and P.R.C. Contracting.

41. New Line Structures foremen instructed all Construction Workers, including Plaintiffs, via text message where and when to work.

42. New Line Structures foremen decided which workers were assigned to a specific worksite and did so without the prior approval of P.R.C. Contracting or We Prevail Management, LLC.

43. New Line Structures foremen scheduled and disciplined Construction Workers.

44. For example, in August 2021, Chris, a supervisor at New Line Structures, suspended a worker named Jeremy because he sat down during work hours.

45. For example, Anthony, a foreman at New Line Structures, has repeatedly authorized Diaz and other Construction Workers to leave early to attend appointments during work hours.

46. Construction Workers, including Plaintiffs, performed work central to the business of New Line Structures, including demolition, breaking floors, and concrete work.

47. Throughout Plaintiffs' employment periods, New Line Structures foremen were regularly present at each worksite directing the work duties of the Construction Workers. P.R.C. Contracting had little to no supervisory presence at the worksites. For example, since 2017, there was no foreman from P.R.C. Contracting present at any of New Line Structures construction worksites.

48. New Line Structures, not P.R.C. Contracting, directs the day-to-day duties of Construction Workers.

49. In June 2018, when Diaz injured his finger while working, it was a New Line Structures foreman who instructed him to go to the hospital and seek treatment.

50. Upon fully healing, Mike C., foreman with New Line Structures, requested that Diaz be placed at the New Line Structures worksite on 180 Leonard Street, New York, New York.

51. Upon information and belief, P.R.C. Contracting never rejected staffing requests, including requests for specific Construction Workers, from New Line Structures.

52. In March 2020, Anthony, a New Line Structures foreman, informed Estrada that there would be no more work due to the COVID-19 pandemic until further notice and to await a call back, but Estrada never received a request to return to work.

53. Nobody from P.R.C. Contracting ever informed Estrada about a work stoppage due to the COVID-19 pandemic.

54. New Line Structures tracks the number of hours that Construction Workers work per workweek. For example, Construction Workers submit their weekly timesheets to the New Line Structures foreman, who then sends copies of them to P.R.C. Contracting.

55. Upon information and belief, New Line Structures preserves records of the number of hours that Construction Workers, including Plaintiffs, worked per workweek.

56. Construction Workers use the tools and equipment provided by New Line Structures at all worksites, including jackhammers and steel cutting tools, to perform their assigned work duties.

57. At the commencement of a new project, New Line Structures foremen conduct meetings to review safety standards and rules with all Construction Workers.

58. New Line Structures, through its foremen, exercises sufficient control over all aspects of the conditions of employment of Construction Workers, including Plaintiffs, and is, together with P.R.C. Contracting, their joint employer.

## FACTUAL ALLEGATIONS

59. Throughout their employment, Plaintiffs, along with other Construction Workers, have performed construction and demolition work, including garbage removal from construction worksites, breaking floors and walls, and doing concrete work.

60. Throughout their employment, Defendants paid Plaintiffs all their wages in cash in envelopes.

61. During periods of their employment, Plaintiffs and other Construction Workers were paid below the statutorily required minimum wage rate.

62. Defendants did not provide Plaintiffs or other Construction Workers with spread-of-hours pay, *i.e.* an extra hour of wages at the full minimum wage rate, on the occasions that their workdays exceeded ten hours, as required by the NYLL.

63. Defendants failed to furnish Plaintiffs and other Construction Workers with a wage notice upon hire and whenever their pay rates changed, as required by the NYLL.

64. Defendants have failed to furnish Plaintiffs and other Construction Workers with wages statements with each payment of their wages throughout their employment.

**Daniel Diaz's Hours Worked and Wages Paid**

65. Throughout his employment, Diaz regularly worked between forty and eighty hours per workweek and was paid at the same hourly wage rate (*i.e.*, "straight time") for all hours worked, including those over forty.

66. For example, for the workweek of November 2, 2017, to November 8, 2017, Diaz worked from a time between 6:00 a.m. and 6:30 a.m. to a time between 4:00 p.m. and 6:00 p.m., six days per week, with one thirty-minute break per workday.

67. For example, for the workweek of March 21, 2019 through March 27, 2019, Diaz worked seven days for a total of eighty hours.

68. For example, for the workweek of March 28, 2019 through April 3, 2019, Diaz worked seven days for a total of eighty-one hours.

69. For example, for the workweek of April 11, 2019 through April 17, 2019, Diaz worked seven days for a total of sixty-two and a half hours.

70. From approximately May 2020 to the present, Diaz has regularly worked approximately forty hours per workweek, from approximately 7:00 a.m. to 3:30 p.m., five days per workweek, with one thirty-minute break per workday.

71. From approximately February 2017 to April 2017, Defendants paid Diaz $100 per workday.

72. From approximately May 2017 to December 2017, Defendants paid Diaz $12.00 per hour for all hours worked, including hours worked over forty per workweek.

9

73. In 2018, Defendants paid Diaz $13.00 per hour for all hours worked, including hours worked over forty per workweek.

74. From approximately 2019 to the present, Defendants have paid Diaz $15.00 per hour for all hours worked, including hours worked over forty per workweek.

**Nelson Estrada's Hours Worked and Wages Paid**

75. Throughout his employment, Estrada regularly worked between fifty-seven and seventy hours per workweek and was paid at the same hourly wage rate (*i.e.*, "straight time") for all hours worked, including those over forty.

76. For example, for the workweek of September 5, 2019 through September 11, 2019, Estrada worked approximately sixty-six and a half hours, five days from 6:00 a.m. to a time between 5:00 p.m. and 8:00 p.m. and one day from 9:00 a.m. to 5:00 p.m., with one thirty-minute break per workday.

77. From 2017 to 2018, Defendants paid Estrada $12 per hour for all hours worked, including hours worked over forty per workweek.

78. From 2019 to the end of Estrada's employment in March 2020, Defendants paid Estrada $15.00 per hour for all hours worked, including hours worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

79. Plaintiffs bring this action on behalf of themselves and all similarly situated Construction Workers who have worked with Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

80. The FLSA Collective consists of over sixty Construction Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages.

81. Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have regularly worked more than forty hours per workweek, have performed similar work duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

82. Defendants are aware or should have been aware that the FLSA required them to pay Construction Workers an overtime premium for hours worked in excess of forty per workweek.

83. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

84. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Construction Workers can be readily identified and located through Defendants' records. The similarly situated Construction Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

85. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated Construction Workers who work or have worked for Defendants within the six years prior to the filing of this Complaint (the "Rule 23 Class").

86. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

87. The size of the Rule 23 Class exceeds sixty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

88. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

89. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

   a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   b. whether Defendants failed to pay Construction Workers at the statutory minimum wage rate for the first forty hours worked per week;

   c. whether Defendants failed to pay Construction Workers at the correct overtime rate for all time worked in excess of forty hours per week;

   d. whether Defendants failed to pay Construction Workers spread-of-hours pay when their workday exceeded ten hours;

   e. whether Defendants failed to provide Construction Workers with accurate wage statements as required by the NYLL and WTPA;

   f. whether Defendants failed to provide Construction Workers with wage notices as required by the NYLL and WTPA; and

   g. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

90. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

91. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

92. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

93. Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

94. There is no conflict between Plaintiffs and the Rule 23 Class members.

95. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

96. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(New York Labor Law – Unpaid Minimum Wages)**

97. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

98.     Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") regulations, including but not limited to 12 N.Y.C.R.R. Part 142.

99.     Defendants failed to pay Plaintiffs and the Rule 23 Class the minimum hourly wages to which they were entitled under the NYLL.

100.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class the minimum hourly wage rate.

101.    As a result of Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

102.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

103.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

104.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the FLSA Collective.

105.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

106.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to

14

comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

107. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Unpaid Overtime)

108. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

109. Pursuant to the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

110. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting NYDOL Regulations, and employed Plaintiffs and the Rule 23 Class.

111. Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked in excess of forty per workweek.

112. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

113. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

114. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

115. Defendants willfully failed to pay Plaintiffs and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

116. By Defendants' failure to pay Plaintiffs and the Rule 23 Class spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting NYDOL regulations, including, but not limited to the Miscellaneous Industry Wage Order, 12 N.Y.C.R.R. §§ 142–2.4, –2.18, –3.4.

117. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### FIFTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Notices)

118. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

119. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

120. Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

121.  Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SIXTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

122.  Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

123.  Defendants failed to furnish Plaintiffs and the Rule 23 Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

124.  Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

      a.    certify this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiffs as the class representatives, and designation of Plaintiffs' counsel as Class Counsel;

      b.    designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

      a.    declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

      b.    declare that Defendants have violated the minimum wage provisions of the NYLL and NYDOL Regulations;

      c.    declare that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

      d.    declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

      e.    declare that Defendants' violations of the FLSA and NYLL were willful;

      f.    enjoin future violations of the FLSA and NYLL by Defendants;

      g.    award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

      h.    award Plaintiffs and the Rule 23 Class unpaid spread-of-hours pay and minimum wages;

    i.  award Plaintiffs and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

    j.  award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

    k.  award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NYLL;

    l.  award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

    m.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
    August 16, 2021

            PECHMAN LAW GROUP PLLC

            By: *s/Louis Pechman*
               Louis Pechman
               Laura Rodriguez
               Gianfranco Cuadra
               488 Madison Avenue
               New York, New York 10022
               Telephone: (212) 583-9500
               pechman@pechmanlaw.com
               rodriguez@pechmanlaw.com
               cuadra@pechmanlaw.com

               *Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative Rule 23 Class*